Richardson, Ch. J.,
delivered the opinion of the court:
This case, founded upon a written contract for transportation of army supplies, was commenced by original petition filed by the claimant June 27, 1887. Subsequently the claim involved therein was transmitted to the court by the Secretary of the Treasury by letter, of which the following is a copy, and the two proceedings were thereupon consolidated into one case:
“Treasury Department,
“ Oeeice oe the Secretary,
“ Washington, D. 0., January 19, 1889.

“ To the honorable the Chief Justice

“ and Judges of the Court of Claims r
“ Under the provisions of section 1063 of the Revised Statutes I herewith transmit to your honorable court, upon the recommendation and certificate of the Second Comptroller, the claim of Madison W. Stewart against the United States, for transportation of army stores under contract, now pending in this Department, with all the vouchers, papers, proofs, and documents pertaining to said claim, for trial and adjudication by your honorable court as .provided by law.
“ Respectfully, yours,
“C. S. Fairchild,
“ Secretary.”
The only controvery arises upon the interpretation to be given to the following provisions of the contract, as applied to *511 the undisputed facts, the italicising being our own for convenience of reference in this opinion :
“Article 1. The said Madison W. Stewart shall, during the period commencing on the first da.y of July, 1881, and ending on the thirtieth day of June, 1882, furnish wagon transportation from * * * for all such public stores as may be turned over to the said Madison W. Stewart, or his agent, in good order and condition for transportation by the proper officers or agents of the Quartermaster’s Department.
“Art. 3. Transportation by means of ox teams is contemplated by this agreement, Imt when in the judgment of the forwarding officer horse or mule teams are required for the expeditious movement of public stores, the said Madison W. Stewart shall furnish such number as may be required, and the written notice calling for them shall he filed with the hill of lading.
“Art. 18. For transportation furnished under this agreement the said Madison W. Stewart shall be paid as follows: * * *
“Provided, That when, in accordance with the provisions of article 3 of this agreement, horse and mule teams less than twenty in number are furnished for the expeditions movement of public stores within four (4) days from receipt of notice signed or approved in toriting hy the forwarding officer or agent, the said Madison W. Stewart shall be paid the rates hereinbefore specified, and an allowance of twenty-five (25) per cent, in addition thereto. * * * ”
The whole amount claimed as now due for transportation under the contract is $6,552.10. Of this amount the defendants resist their liability for $4,456.07 on the sole ground that, being 25 per cent, additional for expedited transportation by means of horse or mule teams, over the prices of transportation by ox teams, as provided by articles 3 and 18, there was, as they allege, no sufficient authority given to the claimant as required by said articles thus to expedite the service.
The findings show that with each bill of lading there was filed a written notice calling for expedition as required by article 3. The notice was signed, except in one case, “D. H. Smith, quartermaster’s agent.” On the part of the defendants it is contended that, by the contract, authority for expedition, for which the contractor was to be paid 25 per cent, extra, could be given to Mm only by “ the forwarding officer; ” that Smith, “ not being an army officer, was only an agent and not the forwarding officer, and that the notices given by him were without authority and so no justification for the claimant’s extra charge. In our opinion these grounds of defense are not well founded.
*512 Article 3 provides that when, in the judgment of the forwarding officer, horse or mule teams are required for the expeditious movement of public stores the contractor shall furnish such number as may be required, and that written notice calling for the same shall be filed with the bill of lading. It is upon this language that the defendants rely in support of their contention, and if it were to be taken by itself and the case depended upon that alone it might require us to determine who was technically the “ forwarding officer” within the meaning of the contract under all the circumstances of the case. But this language must be construed with other provisions, and its true interpretation and the final decision must depend upon the whole contract taken together, with the light of its different parts thrown upon each other.
Section 18 supplies what is omitted in section 3. It expressly provides by whom the notice of expedition shall be given, by requiring it to be “ signed or approved in writing by the forwarding officer or agent.” The notices, all save one, in this case were signed “ D. H. Smith, quartermaster’s agent,” and if he was the “ forwarding agent ” the statute was complied with and the contractor had the required authority. That he was so there can be no doubt. In letters of instruction sent to Smith by the chief quartermaster of the department, his immediate superior in authority, set out in finding 3, he was addressed as quartermaster’s agent. Article 1 of the contract requires the contractor to forward all such public stores as should be turned over to him by the proper officers or agents of the quartermaster’s department. At the place whence these stores were transported there was no officer or person in charge for the Government except Smith, and it was by him that the stores were turned over ,to the contractor.
He was the only person acting for the Government from whom the contractor appears to have received any instruction. The chief quartermaster instructed him to make great efforts to have the stores forwarded. Whether or not the letters of instruction set out in finding 3 were a sufficient justification, if any were required, for the agent to issue such notices, it is not necessary to determine, because by article 18 the contractor was not required to look behind the notices given in exact accord with its provisions. When notified in accordance with that article the contractor was bound by his agreements to furnish horse or mule teams, and he would have been liable in *513 damages if he had refused. So when he furnished such teams upon notice given as there required he became entitled to the 25 per cent, extra as he mow claims.
There were some stores in one instance turned over to the contractor at Fort Apache by Lieutenant Carter, an army officer in charge of transportation at that place. With the bill of lading was filed an order for expedition signed by said Carter. The extra charge for expedition in this instance is not controverted by the defendants, because upon their theory he was an officer, and so might technically be considered the forwarding officer within the terms of the contract. But we do not consider his authority to issue notice of expedition to the contractor at Fort Apache, any greater than that of Smith at Wilcox. One was an agent and the other an .officer, and each come within one or the other of those persons authorized by article 18 of the contract to sign or approve such notice under the designation of “ forwarding officer or agent.”
The claimant is entitled to recover the sum of $6,552.10, and judgment will be entered accordingly.